STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM SCHUYLER CHATT, DEFENDANT-APPEL-LANT.

Superior Court of New Jersey
Appellate Division

Argued April 17, 1961—Decided April 28, 1961.

Before Judges GOLDMANN, FOLEY and LEWIS.

*Mr. Maurice Rosenstein* argued the cause for appellant.

*Mr. C. William Caruso,* Special Legal Assistant Prosecutor, argued the cause for respondent (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, attorney, *Mr. Milton Diamond,* Legal Assistant Prosecutor, of counsel).

PER CURIAM.  On October 23, 1959 defendant was brought to trial on two indictments, the first charging him with receiving a stolen check in the amount of $532.50, property of Hayes Bruce McGatt, in violation of *N. J. S.* 2*A*:139–1 (receiving stolen property), and the second in two counts, charging forgery and alteration of the check, contrary to the provisions of *N. J. S.* 2*A*:109–1.

At the trial defendant's attorney moved for a judgment of acquittal on the receiving indictment, on the ground that

the check in question was the property of Aetna Life Insurance Company, the maker of the same, and not McGatt, the payee thereof, and thus there was a fatal variance between the charge laid in the indictment and the proof offered by the State. The motion was granted over the objection of the prosecutor and a judgment of acquittal was entered on this indictment. Incidentally, the forgery and alteration indictment was later dismissed on motion of the prosecutor.

Subsequently, the grand jury returned two superseding indictments against defendant. The first charged that on July 30, 1958 defendant knowingly received a stolen check in the amount of $532.50, the property of Aetna Life Insurance Company, contrary to the provisions of *N. J. S.* 2A:139–1, and the second charged that on the same date defendant obtained from one David Rosen, money to the value of $532.50, the property of Tronic Parts, Inc. with intent to cheat and defraud the latter, contrary to the provisions of *N. J. S.* 2A:111–1 (obtaining money by false pretense). Defendant moved for a dismissal of these indictments upon the ground that the charges therein contained arose from the same transaction on which the receiving charge of which he had previously been acquitted was based; hence the trial of the pending indictments would place him in double jeopardy. The motion was denied. The trial proceeded and the defendant was convicted on both superseding indictments.

Defendant now reiterates his claim of double jeopardy and in support thereof reverses the position he took at the first trial, arguing, as did the prosecutor at that time, that the variance between the indictment and the proof was not fatal and that defendant could have been legally convicted on the first receiving indictment. We agree that this is so. See *State v. Trunfio,* 58 *N. J. Super.* 445 (*App. Div.* 1959). Ordinarily an acquittal in a matter laid upon a sufficient indictment bars a subsequent prosecution for the same offense under another indictment or accusation. 2 *Anderson, Whar-*

ton's *Criminal Evidence* (*12th ed.* 1955), § 653. But, as we pointed out in *State v. Davis*, 61 *N. J. Super.* 536, 543 (*App. Div.* 1960), if the acquittal is obtained by defendant's own motion, defendant is estopped from advancing any theory in support of his claim of double jeopardy which is inconsistent with the theory advanced or position taken to secure his first acquittal.

█ On the oral argument, in response to our invitation to counsel for defendant to distinguish *Davis* from the instant case, it was urged that the resistance offered by the prosecutor to defendant's motion for acquittal at the first trial, absent in the *Davis* case, constituted a valid distinction between the cases. The theory underlying this contention is that the State, having unsuccessfully argued that the variance was not fatal, is now estopped to take a contrary position. No authority was cited to support this proposition and we know of none. It would be strange indeed if the State, having projected a legal argument which should have been accepted by the court, should in the present circumstances, suffer a detriment because the court improvidently adopted the legally erroneous argument of the defendant. It would be still stranger if the defendant, having thus prevailed, should be permitted to frustrate the processes of the law by reason of a judicial error he himself had fostered. We concur in the view expressed by the trial court in its disposition of defendant's motion for dismissal, that the case is completely controlled by *State v. Davis, supra.*

█ Defendant argues also that the verdict was contrary to the weight of the evidence and should be set aside. A careful review of the record convinces us that the State offered ample evidence to establish defendant's guilt. A verdict of the jury will not be set aside as against the weight of the evidence unless it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. *R. R.* 1:5–1(a). We find this not to be the case.

Affirmed.